# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

OCT 1 2 2017

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:17SW 217
)
Information associated with Dr. Clarence Scranage Jr. )
NPI#1144277765, more fully described in )
ATTACHMENT A )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see attachment A (Property to be Searched)

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized):*

Please see attachment B (Items to be Seized)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 Section 841(a)(1) | Distribution of a Controlled Substance |
| Title 21, Section 846 | Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jean Lees Wyant, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/12/2017

_____
/s/
Roderick C. Young
United States Magistrate Judge
*Printed name and title*

City and state: Richmond, Virginia

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| IN RE SEARCH OF: INFORMATION ASSOCIATED WITH THE ACCOUNT OF DR. CLARENCE SCRANAGE JR., DBA NEW IMAGES HEALTHCARE, LLC., NPI NO. 1144277765, COMMONWEALTH OF VIRGINIA LICENSE NO. 0101038398, TELEPHONE NO. (804)929-6346 STORED AT THE PREMISES OF PRACTICE FUSION 731 MARKET STREET, SUITE 400 SAN FRANCISCO, CA 94103 | Case No. 3:17CR023-01<br><br>3:17SW217 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR WARRANT TO SEARCH AND SEIZE

I, Jean Lees Wyant, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with the Practice Fusion account assigned to New Images Healthcare LLC, which is a practice that was run by Dr. Clarence SCRANAGE, Jr. (hereafter, SCRANAGE), which was located in the Eastern District of Virginia and within the jurisdiction of this Court. SCRANAGE and his office staff have patient files and records that are stored at premises owned, maintained, controlled or operated by *Practice Fusion*, a company that provides a cloud-based network storage facility for electronic health care records. The medical records were created and accessed by individual medical providers, including SCRANAGE and his staff, who can elect to use *Practice Fusion's* software to facilitate their medical charting and electronic record storage needs. Practice Fusion is headquartered at 731 Market Street, Suite 400, San Francisco, California 94103. The information to be searched is described in the following paragraphs and in Attachment B.

2. Practice Fusion, which was founded in 2005, is the number one cloud-based Electronic Health Record (EHR) platform for doctors and patients in the United States, with a mission of connecting doctors, patients and data. Practice Fusion's free, cloud-based EHR is a responsive platform that physicians use to treat their patients and run their practice. According to Practice Fusion, it serves approximately 30,000 users nationwide. Practice Fusion's

1

EHR is a comprehensive practice management software platform that includes charting, scheduling, billing, e-prescribing, lab integrations and secure messaging. Any practice can use Practice Fusion's web-based physician office software. In order to access Practice Fusion's EHR platform, a physician needs a computer with internet access. The physician always retains ownership of the data and can export the data at any time as needed. Practice Fusion's cloud-based infrastructure means that one secure login gives the physician access to the physician's EHR from anywhere, at any time.

3. This affidavit is made in support of an Application for a Search Warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to compel *Practice Fusion* to disclose to the government records and accounts, including contents of communications and other information in its possession, pertaining to the subscriber or customer accounts associated with Dr. Clarence SCRANAGE, Jr., Commonwealth of Virginia License No. 0101038398, and/or New Images Healthcare, LLC.

4. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been since January 1997. As such, I am an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 21 and related statutes. In my capacity as a Special Agent of the FBI, I have participated in investigations into the unlawful possession, possession with the intent to distribute, and distribution of controlled substances, and their associated conspiracies in violation of Title 21, United States Code § 841 and § 846, and health care fraud offenses, including pharmaceutical drug diversion and prescription fraud, in violation of Title 18, United States Code § 1347. I participated in the preparation and execution of numerous arrests and search warrants for criminal offenses involving distribution, possession with intent to distribute, and conspiracy to distribute controlled substances.

5. The statements in this affidavit are based in part on my investigation of this matter, and on information provided by other law enforcement agents. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence and instrumentalities of violations of 21 U.S.C. §§842(a) and 846 are presently located on the SERVERS that are presently in the control of Practice Fusion.

2

6. A jury recently found that SCRANAGE knowingly, unlawfully, and intentionally combined, conspired, confederated, and agreed with others to distribute Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the jury further found that SCRANAGE did dispense and distribute, and did aid and abet in the distribution of Oxycodone in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2.

## RELEVANT STATUTORY PROVISIONS

7. Title 21 United States Code §841(a)(1) makes it an offense for any person to knowingly or intentionally distribute or dispense a controlled substance, except as authorized by law. With regard to physicians, controlled substances must be prescribed "for a legitimate medial purpose by an individual practitioner acting in the usual course of his professional practice." *See* 21 CFR§§ 1306.04(a). Title 21, United States Code § 841(a)(1) is violated when the physician's authority to prescribe controlled substances is not for the treatment of a patient, but rather for the purpose of assisting in maintenance of a drug habit or of dispensing substances for a non-legitimate medical purpose. Title 21 United States Code §§ 841(a)(1) and 846 make it an offense for any person to attempt, or to conspire to distribute, dispense, or possess with the intent to distribute or dispense, a controlled substance.

## PROBABLE CAUSE

8. On August 7, 2017, the United States Government and SCRANAGE proceeded to trial before the Honorable Henry E. Hudson on a nineteen-count criminal Indictment which charged SCRANAGE with conspiracy to distribute and dispense, and the dispensation of controlled substances, to wit: Oxycodone, in violation of Title 21 United States Code §§ 841(a)(1) and 846; and with Distribution of Controlled Dangerous Substances and Aiding and Abetting the Distribution in violation of Title 21 United States Code §§ 841(a)(1) and Title 18 United States Code § 2.

9. On August 9, 2017, SCRANAGE, proceeding *pro se* with standby counsel, presented four witnesses in his defense. One of the witnesses SCRANAGE called to testify was Valerie Irvin(g) Artope (hereafter, Artope). Artope testified that she was an office manager and later occasionally volunteered to work at SCRANAGE's various offices as a consultant between 2012 and 2016. During this time period, she allegedly reviewed patient files. At trial she testified that she noticed differences between three charts that were in the name of Shimeka Brown (Brown). One chart was dated April 26, 2013 and introduced at trial as Defense Exhibit 3. One chart was dated July 25, 2014 and was introduced at trial as Defense Exhibit 4. A third chart was dated December 4, 2014

3

and introduced at trial as Defense Exhibit 5. Artope testified that each of the charts shown to her by the defendant came from the defendant/New Images Healthcare.

10. Artope testified under oath that these files were the same files that she had examined during her review of SCRANAGE's patient files, and then flagged for the defendant.

11. As noted, SCRANAGE introduced **Defendant's Exhibits 3, 4 and 5** into evidence after they were authenticated by Artope. Artope testified that the differences between and among each of these files that she had noticed was that the 2013 chart (Defense Exhibit 3) had a different social security number and hand writing as compared to Defense Exhibits 4 and 5.

12. **Defendant's Exhibit 4** contained multiple sheets of paper to include a sheet of paper that had, in the upper right hand corner, the following: https://static.practicefusion.com/apps/ehr/index.html?c=1385407302#/... Followed by the words Shimeka Brown Photo Practice Fusion. This document also contained the following information: Patient, Shimeka Brown, Document name: Shimeka Brown Photo, Document type: Patient Image, Date: 7/29/2014, Provider: Clarence SCRANAGE, Comment: (No comments). The bottom right hand corner of the paper bore the following information: 7/23/17 9:00 PM. The next document contained two color photographs of a woman, and the words, "Shimeka Brown." Also within Defendant's Exhibit 4 was a black and white photocopy of a Hill Phoenix employee badge with the name Shimeka Brown and a photograph of a female.

13. On August 9, 2017, your affiant reviewed the original paper chart for Shimeka Brown that the FBI had seized from SCRANAGE's Office during the execution of a search warrant on May 5, 2016. The paper chart does not contain any documents depicting two color photographs of Shimeka Brown as introduced at trial by the defendant, and as testified to by Ms. Artope as being the same file that she had reviewed during her time as a volunteer office manager.

14. On August 9, 2017, your affiant also reviewed the electronic files for Shimeka Brown (and for all other patients with the last name of Brown) that were obtained by the FBI as a result of the execution of search warrant on Practice Fusion in June 2016 and December 2016. The electronic file for Shimeka Brown does not contain any document depicting two color photographs of Shimeka Brown as introduced at trial by the defense, and as testified to by Ms. Artope as being the same chart that she had flagged for the defendant.

4

15. In addition to having probable cause to believe that documents were added to the charts, the paperwork in the various charts introduced into evidence by the defendant do not appear to be the original chart(s) as testified to by Ms. Artope, but rather, contain documents that were comingled from both the electronic file(s) and the paper chart for Shimeka Brown.

16. Based on the above information, there is probable cause to believe that SCRANAGE added documents to the Brown file, specifically, photographs, and comingled documents between the electronic and paper files which Artope then testified at trial were the same patient charts that she had discovered, reviewed, and flagged for the defendant when she was working at his practice between 2011 and 2016.

17. Because neither the paper patient chart seized from the defendant's office on May 5, 2016, nor the electronic Practice Fusion files seized in June, 2016 contain the same documents as those that were introduced at trial, it is your affiant's belief that at some point after June, 2016 but prior to the conclusion of the SCRANAGE trial on August 10, 2017, SCRANAGE added documents to the Brown file in an effort to support an exculpatory theory that he then argued to the jury.

18. As indicated above, *Practice Fusion* is a service that allows users to store files, specifically Electronic Health Records, on *Practice Fusion's* cloud based servers. According to Practice Fusion's privacy policy at http://www.practicefusion.com/pages/privacy-policy.htm *Practice Fusion* collects and stores "personal and health information ("Records"), including the Records that identify other individuals, including other users." Information is submitted by users such as SCRANAGE and his staff, to *Practice Fusion* by typing in data, uploading data files (such as images and documents), and by "[a]uthorizing *Practice Fusion* to retrieve and import information from another user or third party on your behalf." *Practice Fusion* also collects other types of information as provided in the following statement:

> Our services also gather information whenever you visit, log in, or otherwise interact with them. As with other websites and interactive services, whenever you interact with our Services, your computer, mobile phone or tablet (a "Device") and its software transmits a "request" to us. That request includes non-personal information received from your Device (and its software) necessary for us to identify and appropriately route the information your Device is requesting.

5

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

19. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require *Practice Fusion* to disclose to the government copies of records and other information (including the content of communications) particularly described in Section I of Attachment B. Government-authorized personnel will review the information to locate the items described in Section II of Attachment B.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that evidence introduced at trial may have been created *after* the search warrant were executed at both Practice Fusion and at the defendant's medical practice in an effort by the defendant to mislead the jury. Your affiant therefore requests that the Court issue a search warrant for the limited purpose of determining when and by whom the documents presented at trial, specifically, when photographs of a person identified as Shimeka Brown, and documentation as presented at trial were uploaded and or placed into Brown's electronic patient file, if at all.

21. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). Specifically, the Court is "district court of the United States…that – has jurisdiction over the offense being investigated." *See* 18 U.S.C. § 2711(3)(A)(i).

22. Pursuant to 18 U.S.C. §2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

*Jean Lees Wyant*
Jean Lees Wyant
Special Agent
Federal Bureau of Investigations

Subscribed and sworn to me
on the _____ day of October, 2017.

/s/ *Roderick C. Young*
Roderick C. Young
United States Magistrate Judge

## ATTACHMENT A

### Property to be Searched

This warrant applies to information associated with Dr. Clarence Scranage Jr., and/or New Images Healthcare, NPI number 1144277765, Commonwealth of Virginia license number 0101038398; telephone number (804) 929-6346, that is stored at premises owned, maintained, controlled, or operated by Practice Fusion Inc., a company headquartered at 731 Market Street, Suite 400, San Francisco, CA 94103.

## ATTACHMENT B

### Items to be Seized

I. **Information to be disclosed by Practice Fusion**

1. All computer generated or computer-rendered records from the entire account associated with Dr. Clarence Scranage Jr., and/or New Images Healthcare, NPI number 1144277765, Commonwealth of Virginia license number 0101038398; telephone number (804)929-6346, that were uploaded and/or modified between **May 5, 2016 and August 11, 2017**, that constitute business, financial, patient, and/or medical records, including photographs, that are stored at the premises owned, maintained, controlled or operated by *Practice Fusion*, a company headquartered at 731 Market Street, Suite 400, San Francisco, CA 94103.

2. All documents that were uploaded into the Scranage/New Images Healthcare Practice Fusion account as described in paragraph 1, above, between the dates of **May 5, 2016 and August 11, 2017**.

3. Records of all accounts that Dr. Clarence Scranage Jr. and/or New Images Healthcare, NPI number 1144277765, Commonwealth of Virginia license number 0101038398; telephone number (804) 929-6346 has log-in authority for, to include session times and the internet protocol identifiers associated with such session times from **May 5, 2016 through August 11, 2017**. The IP logs should identify the account user by listing the account user name.

II. **Information to be seized by the government**

All information described in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 involving Dr. Clarence Scranage Jr. and others for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a) The prescribing and/or distribution of controlled substances;

    (b) The uploading of photographs or other documents to patient files;

    (c) The identity of the person(s) who created the entry, or used the user ID, including records that help reveal the whereabouts of such person(s);

    (d) The date the record was submitted, created, uploaded, and printed, if known.